## PLEA OF AUTREFOIS ACQUIT.

Common Pleas Court of Holmes County.

STATE OF OHIO v. DICKERSON. *

Decided, January Term, 1908.

*Criminal Law—Plea in Bar—Effect of a Judgment of Reversal with Reference to Counts as to Which the Jury were Silent—Autrefois Acquit not Available.*

The reversal of the judgment in a criminal case places the state and defendant in the same position they occupied before the trial; and where a defendant secures a reversal of a verdict, which was silent as to the first and second counts and found him guilty under the third count of the indictment, he can not thereafter maintain a plea in bar to the first and second counts.

*Joseph L. McDowell,* Prosecuting Attorney Coshocton County (the case having been sent to Millersburgh for trial on a change of venue); *James Glenn,* and *T. H. Wheeler,* for State.

*J. C. Adams, J. C. Daugherty* and *R. M. Voorhees,* for defendant.

WICKHAM, J. (orally).

Indictment for murder in the first degree.

This cause is submitted to the court on a demurrer filed by the state of Ohio to a plea in bar filed by the defendant. A brief statement of the facts as shown by the plea in bar is:

That at the January Term, 1906, of the Court of Common Pleas of Coshocton County, Ohio, the defendant was placed upon trial on an indictment containing three counts. The first count of the indictment charges the defendant with murder in the first degree, with deliberate and premeditated malice; the second count charges murder in the first degree, while perpetrating rape; the third count charges murder in the first degree, while attempting to perpetrate a rape. The trial resulted in a

---

* Error not prosecuted; for opinion on motion for change of venue, see 7 N. P.—N. S., 193.

verdict of guilty of murder in the first degree, while attempting to perpetrate a rape, under the third count of the indictment.

Afterward, on the 15th day of April, 1906, the defendant filed a motion, thereby moving the court to set aside the verdict of the jury for errors of law committed by the court and in the trial of the cause, in the admission and rejection of evidence, and in the court's charge. This motion was overruled and a judgment rendered on the verdict.

The defendant thereupon filed a petition in error in the Circuit Court of Coshocton County, for a reversal of the judgment. The circuit court, at its October Term, 1906, reversed the judgment of the court of common pleas, for errors assigned in the record and in the motion for a new trial, and remanded the cause to the court of common pleas for a new trial. Thereupon the prosecuting attorney for Coshocton county prosecuted error in the Supreme Court, and in October, 1907, the Supreme Court of Ohio affirmed the judgment of the circuit court.

The defendant claims for the plea in bar that it shows he was acquitted of the crime of murder as charged in the first and second counts of the indictment by the verdict of the jury, and that he can not now be put upon trial on those counts, or either of them; that to compel him to be placed upon trial on those counts would be a violation of Section 10 of Article 1, of the Bill of Rights, which provides that no person shall be twice put in jeopardy for the same offense.

The verdict of the jury did not in express terms acquit the defendant of the crime charged under the first and second counts of the indictment, but it is claimed by counsel for the defendant that the verdict's silence on those counts is equivalent to a verdict of not guilty, and this view is sustained by authorities cited. It will, therefore, be assumed in the consideration of this question, that such was the verdict of the jury.

This brings us to the question whether the plea of *autrefois acquit* is available to the defendant.

*Hurley* v. *State of Ohio*, 6 Ohio, 399, is one of the early adjudications of our Supreme Court. in that case the indictment

charged Hurley with murder in the first degree in one count, murder in the second degree in the second count, and of manslaughter in the third count. He was put upon trial and the jury after a time stated to the court that they had agreed that the defendant, was not guilty on the other counts. The court thereupon discharged the jury, on motion of the prosecuting attorney and against the consent of the defendant.

At a succeeding term the defendant filed a plea in bar on the ground that he had been acquitted of the charge of murder in the first degree, to which a demurrer was filed by the state. On the question thus made the Supreme Court said, page 404:

"A verdict in either a civil or criminal case must be considered an entire thing. It must respond to the whole declaration and to every count in the indictment, or the court can not legally receive it as the verdict of the jury.

"In this case the record shows that the jury could not agree on a verdict on the last two counts in the indictment, and having agreed on the first was no reason why the verdict should have been received. It was in law no verdict and the court did not err in rejecting it altogether."

In the case at bar the circuit court reversed the judgment of the trial court and set aside the verdict for errors appearing on the record of the case. It was an invalid verdict and judgment. An invalid verdict is no verdict, and is equivalent to a disagreement of the jury on the count on which it is returned.

But it is claimed by counsel that the case at bar is to be distinguished from this authority, and it must be conceded that the facts are quite dissimilar. Here the three counts of the indictment each charged murder in the first degree. In the Hurley case the counts of the indictment charged crimes of different degree; but would not the general analogies of the law require the same ruling or decision in the one case as in the other?

A case of similar character in its facts is State v. Beheimer, 20 O. S., 572. Beheimer was put upon trial on an indictment charging murder in the first degree in a single count. A jury found him not guilty of murder in the first degree but guilty of murder in the second degree.

The defendant thereupon moved the court to set aside that portion of the verdict finding him guilty of murder in the second degree and for a new trial. The court sustained the motion and set aside the verdict and granted a new trial. At the next term of the court a plea in bar was filed, setting forth the verdict at the previous term in bar of his further prosecution on the indictment charging murder in the first degree. The state demurred and the court overruled the demurrer, and held that the special plea was a bar to the further prosecution of the defendant on the indictment for murder in the first degree, to which ruling the prosecuting attorney excepted. At the February Term of court 1871, the case came to trial again, and the jury found the defendant not guilty of murder in the second degree, but guilty of manslaughter. The defendant then moved the court to set aside this verdict, or so far as the same found the defendant guilty of manslaughter. The court sustained this motion and ordered the verdict to be set aside, and awarded the defendant a new trial. The prosecuting attorney excepted, and filed a petition in error in the Supreme Court for a ruling on the questions presented. The court held that the rule in criminal cases was the same as that in civil cases, and that is, that where a part of the issue has been found for the defendant, and he should obtain a new trial, that the whole issue would be re-opened for investigation on the second trial.

The court say, at page 577:

"In the case now before us, if after the granting of the new trial the finding of the jury acquitting the defendant of murder in the first degree stood as an adjudication of that fact and had its full legal effect, it would preclude his retrial for any of the lesser degrees of homicide.

"Thus an acquittal on an indictment for murder will be a good plea to an indictment for manslaughter of the same person; and converse an acquittal on an indictment for manslaughter will be a bar to a prosecution for murder; for in the instance, had the defendant been guilty, not of murder but of manslaughter, he would have been found guilty of the latter offense on that indictment; and in the second instance, since the defendant is not guilty of manslaughter, he can not be guilty of

manslaughter under circumstances of aggravation which enlarge it into murder.

"But the effect of setting aside the verdict finding the defendant guilty was to leave at issue, and undetermined, the fact of the homicide; also the fact whether the defendant committed it, if one was committed. The legal presumption of his plea of not guilty was of his innocence; and the burden was on the state to prove every essential fact. The only effect, therefore, that could be given to so much of the verdict as acquitted the defendant of murder in the first degree, after the rest of it had been set aside, would be to regard it as finding the qualities of an act while the fact of the existence of the act was undetermined. This would be a verdict to the effect that if the defendant committed the homicide, he did it without 'deliberate and premeditated malice.'

"There can be no legal determination of the character of the malice of a defendant in respect to a homicide which he is not found to have committed; or, rather, of which, under his plea, he is in law presumed to be innocent.

"The indictment was for a single homicide. The defendant could, therefore, only be guilty of one offense, and could be subject to only one punishment. The degrees of the offense differed only in the *quo animo* with which the act causing the homicide was committed. The question of fact was whether a criminal homicide had been committed; and, if so, whether the circumstances of aggravation were such as to raise it above the grade of manslaughter. If the finding as to the main fact is set aside, the finding as to the circumstances necessarily goes with it.

"It seems to us, therefore, that the necessary result of granting the defendant's motion for a new trial was to set aside the whole verdict; and this having been done at his own instance, it can neither operate as an acquittal nor as a bar to the further prosecution of any part of the offense charged."

*Fox* v. *State*, 34 O. S., 377, is perhaps an extreme case. The defendant was indicted on a charge of rape; the jury found the defendant not guilty of rape as charged in the indictment, but guilty of an attempt to commit a rape, and the defendant was sentenced to a term of imprisonment in the penitentiary.

On a petition in error the Supreme Court held that an attempt to commit a rape was no crime in Ohio, and instead of discharging the defendant in error, Fox, on the verdict of the jury of

not guilty of rape, reversed the judgment of the common pleas court, and remanded the cause for a new trial.    The language of the court is as follows, page 381:

"In our opinion, the verdict having failed to respond to the whole indictment in such manner as to authorize the court below either to sentence the accused, or to order his discharge, it was the duty of the court, on its own motion, to set the verdict aside and to order a new trial."

A case more nearly in point in its facts is *Jarvis* v. *State*, 19 O. S., 585.    In that case, the first count charged homicide by throwing a glass tumbler against the head of the deceased; the second count, by striking the head of the deceased with a tumbler in the hand; and the third count, by striking the head with the hand.    A trial resulted in a verdict of guilty as charged in the third count, and not guilty as charged in the first and second counts.    The court sustained a motion to set aside the verdict, and Jarvis filed a plea in bar on the ground of the former acquittal on the first and second counts.    A demurrer was sustained to this plea in bar, and the defendant was again placed on trial.    The verdict of the jury at the second trial was guilty as charged in the first count, and not guilty as charged in the second and third counts.    The court overruled a motion to set aside this verdict, and entered a judgment thereon.    On a petition in error in the Supreme Court the judgment of the court of common pleas was affirmed on the authority of *Leslie* v. *State*, 18 O. S., 390.

The Leslie case is one that appears to be directly in point. The facts are not fully stated in the report of the case, but from the statement given it seems to be more nearly like the case at bar in its facts than any other one cited.

At the December Term, 1866, of the Court of Common Pleas of Montgomery County, Joseph Leslie was indicted on three counts, each charging him with murder in the first degree, in causing the death of Mary Miranda Caylor, by means of a pistol shot.    He was put upon trial at the April Term of that court, 1867.    The jury's verdict was, "guilty of murder in the

first degree, as charged in the first count of the indictment; and not guilty as charged in the second and third counts of the indictment.'' Leslie moved the court to set aside this verdict and grant a new trial, on grounds therein stated. This motion was sustained by the court, and Leslie again was put on trial, at the December Term, 1868; that trial resulted in a verdict of guilty of manslaughter, as charged in the third count in the indictment, and not guilty as charged in the first and second counts.

Leslie thereupon moved the court to release him from the charges contained in the indictment, and discharge him from custody, on the ground that on the first trial he was found guilty of murder in the first degree, as charged in the first count of the indictment, and not guilty as charged in the second and third counts, and that this verdict was set aside and a new trial granted; and that upon the second trial he was found not guilty upon the first and second counts in the indictment, but guilty of manslaughter upon the third count, and claimed that the verdict of guilty of manslaughter was irregular, illegal and void. This motion was overruled, and he was sentenced for a term of imprisonment in the penitentiary.

The court say, at the outset of the opinion, page 393:

''The three counts of the indictment in this case relate to the same person killed and to one act of killing. They are all founded upon the same transaction, and are intended to meet the facts as they may be found from the evidence on the final trial. A conviction upon all or any one of the counts would have subjected the plaintiff in error to but one punishment. This is not a case of separate and distinct offenses, set forth in different counts of the same indictment. The several counts are inserted solely for the purpose of meeting the evidence as it may appear on the trial. The crime charged being substantially the same in each count.''

·These words of the Supreme Court are equally as applicable to the case at bar. We can not agree with counsel for the defendant that the counts of the indictment in this case charge separate and distinct offenses. They each charge murder in the first degree, and charge separate and distinct offenses only in the sense

that murder in the first degree includes within it offenses of lesser atrocity.

The court say further:

"The ground of the motion for the discharge of the defend-. ant below, under his conviction upon the third count on the second trial, was that he had, on the first trial, been acquitted on the same count. The logical result of this position as applied to this case would seem to be that, on the new trial being granted, he is entitled to his discharge from the whole indictment; for the first and third counts were substantially alike, and were both in fact for the same offense, and if the verdict of acquittal on the third count remained in force and operated as a bar to a retrial upon that count, it would be equally effective against the further prosecution on the first count, and could be formally pleaded in bar as a former acquittal. A verdict of acquittal not only operates to discharge the defendant from the indictment upon which he has been tried, but constitutes a bar to any other substantially like it, for the same offense.

"Where the indictment, though consisting of several counts, is founded upon a single transaction, the verdict is a unit, and lays the foundation for but a single judgment. A verdict of guilty upon one of the counts, and of not guilty upon the others, is followed by the same legal consequences as a verdict of guilty upon all the counts; and where in either case the verdict is set aside and a new trial granted, on the defendant's motion, the case is open for a retrial upon the counts upon which he was acquitted as well as those upon which he was convicted. If this were not so, the value and object of the rule allowing a single offense to be charged in different ways, in several counts, would be greatly impaired, and often defeated."

So, too, if the defendant in this case, by the former verdict, were freed of the charge of the murder of Katherine Hughes in the commission of rape, it would be an adjudication of the fact of the killing, and also of the fact that he is the person who committed that act; and those facts being adjudicated, he could not be placed upon trial upon the third count of this indictment. The argument of the Supreme Court in the Leslie case applies with force to the question in the case at bar.

We therefore hold that the setting aside of the verdict by the Circuit Court of Coshocton County, and the reversal of the

judgment, placed the State and the defendant in the same position that they were in before the trial. In other words, that the verdict of the jury in that trial was an entire thing, and when reversed upon the application of the defendant himself, at his instance, he can not now be heard to say that it must stand as an acquittal of the offense as charged in the first and second counts of the indictment.

The authorities cited by counsel of the defendant, many of them, are foreign to our state, and have but little weight as authority as against the decision of our own Supreme Court. The Sutcliffe case cited is but a dictum, and is entitled to but little consideration.

In addition to the authorities cited, we might call the attention of counsel to the case of *Hurley* v. *State*, decided by the Circuit Court of Hamilton County, 4 C. C., 425. We call the attention of counsel particularly to the language of the court on page 426:

"The plea of the defendant that he was once in jeopardy is not well founded, for the judgment for and against him is set aside at his own instance, and he has no right to complain of that which he himself has brought about."

Our judgment is that the demurrer to the plea in bar should be sustained and the plea dismissed.